Blair, J.
This ease was submitted to tbe court upon a motion to dismiss tbe appeal upon tbe ground that the transcript was not filed on or before thirty days from tbe rendering of tbe judgment in the justice’s court.
On tbe 28th day of April, 1915, plaintiffs obtained a judgment against the defendants before Fletcher S. Scott, a justice of tbe peace of Licking county: On tbe 28th day of May, 1915, a transcript of tbe proceedings before tbe justice was taken by tbe attorney for defendants and left at tbe clerk’s office, in a box at tbe door, after office hours, and on tbe following morning, May 29th, tbe clerk marked the transcript filed as of May 28th, tbe attorney for plaintiffs at tbe time causing bis objections to be endorsed on tbe back of tbe transcript by tbe clerk. Tbe 28th day of May was tbe last day allowed by statute for perfecting the appeal by delivery of the transcript to this court.
*224 Section 10384 of the General Code reads as follows:
“Upon the giving of the bond for appeal the justice shall make a certified transcript of his proceedings, the bond included, which on the applicant’s demand and payment of the legal fee therefor shall be delivered to him, or his agent, who on or before the thirtieth day from the rendition of the judgment appealed from shall deliver it to the court to which the appeal was taken.”
And Section 10386 reads as follows:
“The clerk, on receiving such transcript and other papers as aforesaid, shall file them and docket the appeal.”
Section 10384 does not in' express words require the delivery of the transcript to the clerk, but says:
“The appellant, on or before the thirtieth day from the rendition of judgment appealed from, shall deliver it to.the court to which the appeal was taken.”
Was the placing of this transcript in a box in the clerk’s office after office hours a delivery to the court? The clerk so recognized it, for he marked it filed as of the day it was left at the office, and we will not disturb the action of the clerk in this respect. We think the clerk has the right to adopt reasonable rules for the transaction of the business of his office, and we think it not unreasonable for him to mark papers left in the box as of the date they were placed there, although the manual labor of marking them filed be not done until the following morning, and especially so where the rights of no third party have intervened.
We realize that the question raised by this motion is one upon which attorneys, and possibly courts, will differ, but we favor a policy which will permit all cases to be fully heard and disposed of upon their merits rather than a policy which will deny parties their right to have their matters litigated and determined by the courts. No authority cited by counsel, nor any which we have been able to find, throws any light upon the question.
An entry may be placed upon the journal overruling the motion, and exceptions noted; entry to bear date of the date of filing this opinion.